UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Levi A. Pruitt, ) | C/A: 3:08-879-MJP-BM |
| ) | |
| Plaintiff, ) | |
| ) | Report and Recommendation |
| ) | |
| vs. ) | |
| ) | |
| State of South Carolina, ) | |
| Russell Brewton - 1094, and ) | |
| Richland County Sheriff's Department, ) | |
| ) | |
| Defendants. ) | |

This is a civil action filed by a *pro se* plaintiff. Plaintiff alleges that he was arrested and charged with criminal domestic violence pursuant to an invalid warrant which contained false allegations; he was found not-guilty at trial. Plaintiff seeks damages for injury to his reputation, lost wages and the money spent on bond.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915, and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even when considered under this less stringent standard, however, the State of South Carolina is entitled to dismissal as a party Defendant, as this Defendant is immune from suit in this Court under the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral



parts (such as a state agency or department.) *See Will v. Michigan Department of State Police*, 491 U.S. 58, 61-71 (1989); *Coffin v. South Carolina Department of Social Services*, 562 F. Supp. 579, 583-585 (D.S.C. 1983); *Belcher v. South Carolina Board of Corrections*, 460 F. Supp. 805, 808-809 (D.S.C. 1978). *See also Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984)(although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens).

Under *Pennhurst*, 465 U.S. at 99 & n. 9, a State must expressly consent to suit in a federal district court, which the State of South Carolina has not done. *See* South Carolina Tort Claims Act, § 15-78-20(e), South Carolina Code of Laws (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State.) Therefore, the State of South Carolina should be dismissed as a party Defendant because it is immune from suit for damages under § 1983.

## RECOMMENDATION

Accordingly, it is recommended that the Court dismiss *without prejudice* the State of South Carolina as a party Defendant in this case. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). The Complaint will be served on the remaining Defendants, Russell Brewton and Richland



County Sheriff's Department .

    Plaintiff's attention is directed to the important notice on the next page.

                                Bristow Marchant
                                United States Magistrate Judge

April 8, 2008
Columbia, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

