# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Levi A. Pruitt, ) | CIVIL ACTION NO.: 3:08-00879-MJP-PJG |
| ) | |
| Plaintiff**,** ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| Russell Brewton - 1094; and ) | |
| Richland County Sheriff's ) | |
| Department, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court pursuant to a report and recommendation submitted by United States Magistrate Judge Paige J. Gossett, to whom it was referred for review under 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rules. This matter was filed by the Plaintiff Levi A. Pruitt ("Plaintiff"), *pro se*, against Defendants Russell Brewton - 1094, the Richland County Sheriff's Department, and the State of South Carolina ("Defendants").

## PROCEDURAL HISTORY

The Plaintiff, proceeding *pro se*, brought this action seeking relief pursuant to 42 U.S.C. §1981, claiming that as the result of an invalid warrant containing false and defamatory allegations, he was arrested and charged with criminal domestic violence. (Docket Entry 1.) On June 11, 2008, the action was dismissed against Defendant "State of South Carolina" by order of this court. (Docket Entry 21.) On December 1, 2008, the remaining Defendants filed a motion for summary judgment. (Docket Entry 37.) As the Plaintiff is proceeding *pro se*, a Roseboro order was issued by the Court on December 2, 2008, advising Plaintiff of summary judgment and dismissal procedures and possible consequences of a failure to respond. (Docket Entry 38.)

After Plaintiff failed to respond to the warnings and instructions set forth in the court's Roseboro order, the court filed a second order on January 9, 2009, advising the Plaintiff that it appeared to the court that he does not oppose Defendants' motion and wishes to abandon this action. (Docket Entry 41.)  Plaintiff was again asked to advise the court within fifteen (15) days whether he wished to continue with this case and respond to Defedants' motion, and that further failure to respond  would result in the recommendation for dismissal with prejudice for failure to prosecute.  Plaintiff never filed any further response.

## DISCUSSION

The applicable standard of review for this Court is clear.  The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  Matthews v. Weber, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made.  28 U.S.C. § 636(b)(1)(C).  However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the Recommendation to which no objections are addressed.  Thomas v. Arn, 474 U.S. 140, 150 (1985).  While the level of scrutiny entailed by the Court's review thus depends on whether or not objections have been filed, the Court is free, after review, to accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions.  Wood v. Schweiker, 537 F. Supp. 660, 661 (D.S.C. 1982).  In this case, no objections to the Report and Recommendation have been filed.

After reviewing the entirety of this case, including the report and recommendation, this Court approves the recommendations of the Magistrate Judge, and this matter is **dismissed with prejudice** for lack of prosecution.

**IT IS SO ORDERED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE

March 17, 2009

Columbia, South Carolina